The Delaware and Hudson Company, Appellant, *v.* The Public Service Commission.

Argued April 12, 1929.

Before Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*Paul Bedford,* and with him *Joseph Rosch* and *H. T. Newcomb,* for appellant, cited: Lehigh Valley Railroad Company v. Board of Utility Commissioners of New Jersey, 278 U. S. 24, 73 L. Ed. 69.

*E. Everett Mather, Jr.,* Assistant Counsel, and with him *John Fox Weiss,* Counsel, and *Daniel H. Kunkel,* Legal Assistant for the Public Service Commission, cited: Lehigh Valley Railroad v. Public Service Com., 82 Pa. Superior Ct. 233; Ligonier Valley Railroad

Company v. Public Service Commission, 83 Pa. Superior Ct. 502.

OPINION BY GAWTHROP, J., April 15, 1929:

By this appeal the Delaware & Hudson Company brings before us for review an order of the Public Service Commission of this Commonwealth requiring it to contribute $40,000 toward the cost of relocating a portion of a main State highway, known as the Roosevelt Trail, for the purpose of eliminating two grade crossings over appellant's single track railroad and removing through traffic from a third crossing; also an order dismissing appellant's petition for a re-hearing, and ratifying and affirming the first mentioned order.

The proceeding before the commission was originated by the Department of Highways of the Commonwealth which, on September 15, 1926, filed with the commission a complaint averring that the three crossings are dangerous and should be eliminated for the safety, accommodation and convenience of the traveling public. After two hearings the commission found, upon ample evidence, inter alia, that the crossings are dangerous and their alteration and abolition necessary for the safety, accommodation and convenience of the public and, on May 17, 1927, filed an order that the alteration and abolition be made in accordance with a plan submitted by the Department of Highways providing for the relocation and construction of approximately 8,000 feet of the State highway, including a viaduct; and that the work be done by the Department of Highways. All of the evidence before the commission was to the effect that the entire cost of carrying out the plan, including property damage, will be approximately $216,000; that it would cost about $102,000 to construct a concrete road on the portion of the old road to be abandoned, without eliminating any of the three crossings, and that the dif-

ference between the entire cost of $216,000 and $102,-000 is fairly chargeable to the elimination of the crossings. The $40,000 which was ordered to be paid by appellant to the Department of Highways is approximately thirty-five per cent. of the elimination cost. The Counties of Lackawanna and Wayne were assessed $8,000 and $2,000, respectively, the balance of the cost being borne by the Department of Highways.

Appellant challenges the reasonableness of the order made upon it. It concedes in its brief that in ordinary circumstances the proportion of the cost assessed against it would not be unreasonable. It urges, however, that the order in this case is unreasonable for two reasons: First, because the whole project is merely a highway improvement and not a grade crossing elimination and that therefore no portion of the cost should be allocated against it; and, Second, because, as all the evidence before the commission was to the effect that but one passenger train and one freight train passes over its road each way, per day, the danger to the public using the highway is not such as to warrant the conclusion that safety to the public requires the change proposed, and that therefore the order against it is unreasonably burdensome and amounts to an unreasonable discrimination upon interstate commerce, in which it is engaged, and is violative of the equal protection and due process clauses of the Federal Constitution.

We are not impressed by the argument that the elimination of dangerous grade crossings is not involved in the proceeding, but, in view of the conclusion which we have reached, no useful purpose will be served, by a discussion, at this time, of the other complaints against the order of May 17, 1927. The record discloses that on November 22, 1928, appellant filed a petition, averring that material changes have occurred

affecting the entire situation in that appellant has been authorized by the Interstate Commerce Commission to completely abandon all passenger train service upon the branch of railroad here involved and that since the 29th day of October, 1928, no passenger trains have been operated over said branch and that the freight train service has been reduced and now consists of one train per day on week days and none on Sundays and that this, freight service will in all probability be further reduced to three trains per week, or one train every other week day and none on Sundays and other new matters also have materially changed the former conditions; and that because of new conditions requiring further consideration of the commission the petitioner believes that a modification of the order allocating $40,000 costs against it is necessary and just, that no part of any cost of viaduct construction should be allocated against the petitioner and that adequate protection to the traveling public on the highway over the grade crossings may be afforded by means of other devices than the construction of said viaduct, namely, by stopping each train before the crossing and sending forward a flagman. The prayer was for the re-opening of the record for the purpose of permitting the petitioner to produce additional testimony. Although the Department of Highways filed no answer to this petition the commission made an order, December 21, 1928, refusing the re-hearing and dismissing the petition and affirming its order of May 17, 1927.

We are of opinion that the refusal to re-open the case and permit appellant to produce evidence in support of the allegations of this petition was an abuse of discretion amounting to reversible error. The number of trains which appellant operated over this line of railroad was not great when the original order was

made. If the allegations of the last mentioned petition are established by evidence a different situation will confront the commission. Under the facts then appearing it will become its duty to decide whether elimination of these grade crossings is the reasonable solution of affording protection to the traveling public or whether the crossings can be protected by a member of the train crew preceding each movement thereover or in some other manner. If the commission shall adhere to its present view that the elimination of the crossings is necessary it will be its duty to allocate the cost thereof in the light of the evidence then before it. When that order is made it will be time enough to consider the reasonableness thereof in the light of the facts on which it is grounded.

The order is reversed, the appellant's petition filed November 28, 1928, is reinstated and the record is remitted to the commission with direction to grant appellant a re-hearing as prayed for, the cost of this appeal to abide the final determination of the case.

BALDRIGE, J., did not participate in this decision.